PLEUS, C.J.
C.C. appeals an order adjudicating his daughter, J.C., dependent as to him and ordering him to comply with a case plan. We reverse because there was no competent, substantial evidence in the record on appeal that C.C.’s acts of domestic violence occurred in the presence of J.C.
A child may be adjudicated dependent if the court finds by a preponderance of the evidence that the child has been abused. § 39.507(l)(b), Fla. Stat. (2005). “Abuse” is defined as “any willful act or threatened act that results in any physical, mental, or sexual injury or harm that causes or is likely to cause the child’s physical, mental, or emotional health to be significantly impaired.” § 39.01(2), Fla. Stat. (2005).
Domestic violence between parents may constitute abuse if the parent “[ejngages in violent behavior that demonstrates a wanton disregard for the presence of the child and could reasonably result in serious injury to the child.” § 39.01(3)(i), Fla. Stat. (2005). We have previously interpreted the above provision as requiring proof that the child sees or is aware of the violence occurring. D.D. v. Dep’t of Children and Families, 773 So.2d 615, 618 (Fla. 5th DCA2000).
C.C. correctly argues that the trial court failed to find that any domestic violence occurred in the presence of his child. After an adjudicatory hearing, the trial court drafted a memorandum to counsel, finding in pertinent part that C.C. had engaged in domestic violence with the mother “in front of his young child.” The court directed counsel for DCF to prepare an order. The order recited the court’s findings verbatim, except that it deleted the words “in front of his young child.” Although it appears to us that this discrepancy was an oversight which could easily be corrected on remand, we have reviewed the hearing transcript and cannot find any evidence that any domestic violence occurred in the presence of J.C. Thus, the dependency order is not supported by competent, substantial evidence and must be reversed. D.D.
Accordingly, we remand to allow DCF, if it chooses, an opportunity to present additional evidence in support of its claim of prospective abuse. Otherwise, the trial court shall conduct a disposition hearing at *550 which C.C., as a non-offending parent, would be entitled to custody of J.C. upon obtaining a positive home study, unless the court finds that placement with C.C. would endanger J.C. See § 39.521(3)(b), Fla. Stat. (2006).
REVERSED and REMANDED.
ORFINGER and MONACO, JJ., concur.